David Lopez (DL-6779)
LAW OFFICES OF DAVID LOPEZ
171 Edge of Woods Rd., P.O. Box 323
Southampton, NY 11969-0323
Tel:   631.287.5520
Fax:   631.283.4735
email: DavidLopezEsq@aol.com

Miriam Tauber (MT-1979)
MIRIAM TAUBER LAW PLLC
885 Park Ave. 2A
New York, NY 10075
Tel:   323-790-4881
email: MiriamTauberLaw@gmail.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DENNIS J. DONOGHUE,<br><br>Plaintiff,<br><br>v.<br><br>BOLT PROJECTS HOLDINGS, INC.,<br><br>Nominal Defendant,<br><br>and<br><br>GOLDEN ARROW SPONSOR, LLC,<br><br>Defendant. | No. __**25-cv-5395**__<br>(ECF Case)<br><br>**COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C. § 78p(b)**<br><br><u>**JURY TRIAL DEMANDED**</u> |

**DENNIS J. DONOGHUE**, by David Lopez, Esq., and Miriam Tauber, Esq., his attorneys, complaining of the Defendant, respectfully alleges the following upon information and belief, except as to Paragraph 2, which Plaintiff alleges on personal knowledge:

**JURISDICTION:**

1. This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. Section § 78p(b), and jurisdiction is conferred upon this Court by Section 27 of the Act, 15 U.S.C. § 78aa.

**THE PARTIES:**

2. Plaintiff is a security owner of Bolt Projects Holdings, Inc. ("BOLT"), a Delaware corporation with principal offices at 2261 Market Street, Suite 5447, San Francisco, California 94114.

3. At all times relevant the common stock of BOLT was registered under Section 12(b) of the Act, 15 U.S.C. § 78*l*, and its shares were and are traded on the NASDAQ Stock Market, LLC, a National Securities Exchange located within this District. One or more of the transactions forming a leg or legs of the short-swing trading herein described was or were executed on such market within this District. The Defendant, Golden Arrow Sponsor, LLC, maintains corporate headquarters and offices and is otherwise found within this District, at: 10 E. 53rd Street, 13th Floor, New York, NY 10022.

4. This action is brought in the right and for the benefit of BOLT, which is named as a Nominal Defendant solely to have all necessary parties before the Court.

5. At all times relevant, the Defendant, Golden Arrow Sponsor, LLC ("GOLDEN ARROW") was a more than 10% beneficial owner of BOLT.

**STATUTORY REQUISITES:**

6. The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by a non-exempt person within the meaning of the Act and of related rules and regulations.

7. Demands for prosecution were made on BOLT by e-mail and postal mail on or about April 9, 2025, and June 26, 2025. There has been no response. More than 60 days have expired since such demand and further delay in instituting suit would be a futile gesture.

8. This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by 15 U.S.C. § 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission ("SEC").

**FIRST CLAIM FOR RELIEF:**

9. GOLDEN ARROW sold shares of BOLT common stock as follows:

| **Sale Date** | **Shares Sold** (*adjusted*) | **Price/Share** (weighted avg) (*adjusted*) |
|---|---|---|
| December 27, 2024 | 221,144 *(11,057)* * | $0.5045 *($10.09)* * |
| December 30, 2024 | 278,856 *(13,942)* * | $0.5079 *($10.16)* * |
| February 14, 2025 | 465,862 *(23,293)* * | $0.6772 *($13.54)* * |
| February 18, 2025 | 235,234 *(11,761)* * | $0.8090 *($16.18)* * |
| May 30, 2025 | 50,000 | $3.0896 |
| May 19, 2025 | 685 | $5.6903 |
| May 20, 2025 | 1,300 | $5.2585 |
| May 13, 2025 | 2,100 | $6.7451 |
| May 14, 2025 | 1,089 | $6.4067 |
| May 15, 2025 | 817 | $6.0878 |

*Adjustments reflect a 20:1 stock split effective as of April 22, 2025*

10. On February 14, 2025, GOLDEN ARROW and BOLT entered into an Exchange Agreement whereby 5,000,000 Private Placement Warrants previously held by GOLDEN ARROW, which were subject to the terms of a prior warrant agreement and provided for an exercise price of $11.50 per share and an expiration date of August 13, 2029; were exchanged for 5,000,000 new warrants to buy an equal number of shares of BOLT common stock, which were immediately exercisable by GOLDEN ARROW at an exercise price of $0.50 per share until an extended expiration date of March 5, 2030.

11. For purposes of Section 16(b), the transaction provided by the Exchange Agreement executed on February 14, 2025, is deemed equivalent to GOLDEN ARROW's disposition or sale of the Private Placement Warrants, and GOLDEN ARROW's simultaneous acquisition or purchase of the new warrants with amended terms.

12. For purposes of Section 16(b), GOLDEN ARROW's purchase of the new warrants is further deemed equivalent to and treated as the purchase by GOLDEN ARROW of the shares of BOLT common stock into which the new warrants were convertible at the amended exercise price. (After adjusting for the 20:1 stock split effective as of April 22, 2025, the new warrants issued to and acquired by GOLDEN ARROW pursuant to the Exchange Agreement were convertible into a total of 250,000 shares of BOLT common stock, at an exercise price of $10 per share).

13. Under SEC Rule 16b-6(c)(2), GOLDEN ARROW's purchase of the new warrants may be matched as a purchase of the underlying stock, against GOLDEN ARROW's sales of BOLT common stock within the six-month period surrounding the execution of the Exchange Agreement on February 14, 2025. Short swing profits may be estimated by reference to the underlying trading price of BOLT common stock on the dates of the matched purchases and sales.

14. Applying the methodology described above, Plaintiff estimates GOLDEN ARROW's short swing profits from the purchase of new warrants pursuant to the Exchange Agreement and the sales of BOLT common stock identified at Paragraph 10 above, at approximately $30,000. This estimate is subject to revision following discovery. Such profits belong to BOLT and are recoverable by Plaintiff on its behalf and for its benefit, BOLT having failed to do so on its own behalf.

**SECOND CLAIM FOR RELIEF:**

15. This Second Claim for Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record or to the discovery of additional trades during the course of this action.

16. GOLDEN ARROW, during periods not barred by the statute of limitations measured from the date of the filing of this Complaint, purchased and sold or sold and purchased equity securities or equity security equivalents of BOLT within periods of less than six months of each other while a more than 10% beneficial owner of BOLT including but not limited to the transactions pleaded in the First Claim for Relief.

17. By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months while an insider of BOLT, GOLDEN ARROW realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit of, and are recoverable by Plaintiff on behalf and for the benefit of, BOLT.

**WHEREFORE**, Plaintiff demands judgment:

a) Requiring GOLDEN ARROW to account for and to pay over to BOLT all short swing profits realized and retained by it in violation of §16(b) of the Act together with interest and costs;

b) Awarding to Plaintiff his costs and disbursements including reasonable attorneys', accountants, and expert witness fees; and

c) Granting to Plaintiff such other or further relief as the Court deems just and proper.

Dated: Southampton, New York         Yours, etc.
       June 29, 2025

                                     */s/ David Lopez*
                                     David Lopez
                                     Miriam Tauber
                                     *(Attorneys for Plaintiff)*

5